UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANICE PEPPERMAN,
<u>Plaintiff-Appellant,</u>

v.

MONTGOMERY COUNTY BOARD OF

EDUCATION; MONTGOMERY COUNTY
PUBLIC SCHOOLS; SUPERINTENDENT,
Montgomery County Public
Schools,
<u>Defendants-Appellees.</u>

No. 99-1366

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-96-2292-JFM, CA-97-2558-JFM)

Submitted: November 16, 1999

Decided: December 2, 1999

Before WIDENER, MURNAGHAN, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bruce M. Bender, VAN GRACK, AXELSON & WILLIAMOWSKY,
Rockville, Maryland, for Appellant. Patrick L. Clancy, David R. War-
ner, VENABLE, BAETJER & HOWARD, L.L.P., Rockville, Mary-
land, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Janice Pepperman appeals the district court's order granting summary judgment in favor of the Appellees on her disability discrimination claim. We affirm. We also deny the Appellees' request that we take judicial notice of certain facts.

I.

Pepperman was a public school teacher in Montgomery County, Maryland. From 1988 to 1997, she was the resource teacher--a position equivalent to department head--for the foreign languages department at Quince Orchard High School. During that period, she engaged in an escalating conflict with three teachers under her supervision. In 1997, the administration at Quince Orchard recommended that she be removed from her position as resource teacher due to her inability to resolve this problem within her department.

Pepperman attributes both the animosity of the three teachers and her treatment by the school administration to the fact that she is morbidly obese. According to her proffers below, her weight prevents her from walking quickly or for long distances. Thus, she contends, her obesity is a disability, and the actions of the teachers and administration at Quince Orchard violated the Americans with Disabilities Act ("ADA").

II.

This appeal arises from a case that was filed in a Maryland court, removed to federal court by the Appellees, and consolidated by joint motion with another case filed by Pepperman against the Montgom-

2

ery County Board of Education. The district court granted summary judgment in favor of the Board on all of Pepperman's claims. We review that decision de novo. See Shaw v. Stroud , 13 F.3d 791, 798 (4th Cir. 1994).

Pepperman initially contends that the lower court overlooked evidence that her supervisor violated the ADA's anti-threat provision, 42 U.S.C. § 12203(b) (1994). This argument fails on two procedural grounds. First, it was not made below, so it is not properly before us. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). Second, even if it had been raised below, it would have been untimely. See 42 U.S.C. §§ 2000e-5(e)(1), 12117 (1994); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994).

Pepperman next asserts that the district court erred in granting summary judgment as to her claim that the Quince Orchard administration retaliated against her for her assertion of her rights under the ADA. We assume without deciding that all of the decisions about which Pepperman complains amounted to adverse employment actions and that Pepperman has made out a prima facie case that these actions were retaliatory. Nevertheless, summary judgment was proper, because the School Board proffered an alternative explanation for its conduct (the conflict between Pepperman and three teachers in her department), and Pepperman has not shown that this explanation was pretextual. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 442 (4th Cir. 1998) (discussing the framework for analyzing retaliation claims). The evidence offered by Pepperman to undermine the Board's explanation fails because it focuses on her own views and those of outside observers, not the perceptions of the decision makers accused of discrimination. See Beall v. Abbot Labs., 130 F.3d 614, 620 (4th Cir. 1997).

Pepperman's third challenge to the district court's decision relates to her claim that her co-workers violated the ADA by engaging in disability harassment. The district court found that, despite the effects of her obesity, Pepperman is not disabled within the meaning of the ADA and therefore does not qualify for the statute's protection. We agree. See Kelly v. Drexel Univ., 94 F.3d 102, 105-08 (3d Cir. 1996); Penchisen v. Stroh Brewery Co., 932 F. Supp. 671, 674-75 (E.D. Pa. 1996), aff'd, No. 96-1807 (3d Cir. May 9, 1997) (unpublished);

3

Hazeldine v. Beverage Media, Ltd., 954 F. Supp. 697, 703-05 (S.D.N.Y. 1997).

For the foregoing reasons, we affirm the district court's decision granting summary judgment in favor of the Montgomery County Board of Education. In light of this disposition, we decline to take judicial notice of three decisions by Maryland courts, as requested by the School Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4