Dennis HACKMAN, Appellant,

v.

VALLEY FAIR; and International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of American, Local 575, Appellees.

Nos. 90–5916, 91–5190.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) March 12, 1991.

Decided May 3, 1991.

**240**

Carolyn E. Wright–Bing, Newark, N.J., for appellant.

Gulkin & Beinhaker, P.A., Livingston, N.J., for appellee Valley Fair.

Guazzo Perelson Rushfield & Guazzo, Maplewood, N.J., for appellee Local 575.

Before MANSMANN, HUTCHINSON, and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this appeal we decide that a plaintiff's affidavit contradicting his prior deposition testimony does not create a factual dispute barring summary judgment. We also conclude that plaintiff's counsel's decision to press her client's position with the court did not constitute bad faith under 28 U.S.C. § 1927, despite the unlikelihood of success. Accordingly, we will affirm the entry of summary judgment against plaintiff, but will reverse the award of sanctions against plaintiff's counsel.

Plaintiff, Dennis Hackman, was a member of defendant Local 575 of the Teamsters Union and was employed by defendant Valley Fair, Inc. until the company discharged him on May 23, 1989. He immediately filed a protest through Joseph DiLascio, the business agent for Local 575. On May 31, 1989, a grievance meeting was held. A representative of Valley Fair was present and plaintiff was represented by DiLascio. At the conclusion of the meeting, Valley Fair refused the plaintiff's request for reinstatement.

On December 4, 1989, plaintiff filed a hybrid suit under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, naming both Valley Fair and Local 575 as defendants. The complaint charged Valley Fair with unfair employment practices and the union with breach of its duty of fair representation. Defendants moved for summary judgment based on the six month statute of limitations defense set out in *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Because the six-month period began to run when plaintiff received notice that the union would not proceed further with his grievance, it was important to determine when plaintiff first became aware of the union's refusal to assist him.

In his deposition, plaintiff admitted that DiLascio told him on May 31, 1989, or June 1, 1989, that the union did not intend to request arbitration, the next step in processing a grievance. Plaintiff also testified that on June 6, 1989, he asked DiLascio for a letter stating the union's position. DiLascio obliged and in a letter dated June 7, 1989, wrote that he declined to arbitrate because of the facts presented by the em-

ployer and the statements of three co-workers. After defendants moved for summary judgment, plaintiff filed an affidavit alleging that he was confused during the taking of the deposition. He also pointed out that the letter from the union did not assert a notification date earlier than June 7, 1989.

The district court rejected the plaintiff's attempt to contradict his deposition testimony and concluded that more than six months before filing suit on December 4, 1989, he had been notified that the union would not proceed with his grievance. Accordingly, the court granted summary judgment. The court further directed that defendants were to be paid attorney's fees. Both plaintiff and his counsel have appealed.[1]

### I.

On appeal plaintiff contends that his affidavit alleging confusion at the deposition raised a question of fact preventing the entry of summary judgment. Of course, summary judgment is inappropriate when a conflict on a material fact is present in the record.

In this case, whether plaintiff was advised before June 4, 1989, that the union would not pursue his grievance is crucial because there is no dispute that the six-month statute of limitations set out in *DelCostello* is applicable. *See Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir.1990) ("The six-month period commences when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.... [It] commences when the plaintiff receives notice that the union will proceed no further with the grievance."). The district court rejected the plaintiff's attempt to contradict the admissions he made in his deposition and, instead, accepted his testimony that he had been advised by DiLascio after the hearing on May 31, 1989, and on June 1, 1989, that

the local union would not arbitrate his grievance.

■ When, without a satisfactory explanation, a nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists. "[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard the conflicting affidavit." *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 706 (3d Cir.1988). In that opinion, we cited the decisions of six other Courts of Appeals supporting that conclusion.

■ Having carefully reviewed the plaintiff's deposition testimony as well as his affidavit, we are persuaded that the district court properly determined that there was no genuine issue of material fact. By his own admission, plaintiff was notified more than six months before the suit was filed that the union would not proceed further with his claim. Consequently the statute of limitations barred relief.

We therefore find no error in the entry of summary judgment.

### II.

A separate, but related issue, is whether the district court appropriately assessed sanctions under 28 U.S.C. § 1927. Defendants moved for sanctions both under section 1927 and Federal Rule of Civil Procedure 11. The defendants' motions asserted that after the plaintiff's deposition was taken, counsel for the union sent a letter to plaintiff's counsel threatening to seek attorney's fees if plaintiff refused to withdraw the complaint. In the letter counsel cited *Cote v. James River Corp.*, 761 F.2d 60 (1st Cir.1985), and warned, "[I]n *very similar circumstances to this case, the Court found that the lower court had erred*

---

**1.** The original appeal was filed at No. 90–5916 on behalf of plaintiff. A second appeal, No. 91–5190, by both plaintiff and counsel was filed after the district court entered an order fixing the amount of attorney's fees. The two appeals have been consolidated for disposition at this juncture. Consequently, we have jurisdiction to consider the assessment of attorney's fees. *Cf. Bartels v. Sports Arena Employees Local 137*, 838 F.2d 101, 104 (3d Cir.1988) (plaintiffs lack standing to appeal sanctions imposed only against their counsel).

in denying the defendant Union's motion for attorney's fees and expenses."

In response to the request for sanctions, plaintiff's counsel filed an affidavit averring that she had explained to plaintiff that his deposition was detrimental to his case, but that after discussions with him she determined the case was brought and was being continued in good faith. She explained, "while I could have asked to be removed and forced him [plaintiff] to appear pro se to defend against defendant's motion; ... to do so would have been morally and ethically improper. Mr. Hackman could not have found new counsel to help him and as is clear from his deposition testimony he is certainly not competent to articulate his position before this Court without my continued assistance."

The district court found that plaintiff's counsel exhibited willful bad faith in forcing defendants to file the summary judgment motions, rather than dismissing the case. In a later proceeding, the court awarded attorney's fees in the amounts of $1,845 to Valley Fair and $4,866 to the local union.

The court's order did not specify whether it was imposing sanctions under section 1927 or Rule 11; nor did it designate whether plaintiff, plaintiff's counsel, or both, were to make the payments. Nevertheless, because the court discussed only section 1927 and commented only on the conduct of plaintiff's counsel, we read the order as imposing sanctions on plaintiff's counsel in accordance with the provisions of that statute.

■ 28 U.S.C. § 1927 states that "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." As we explained in *Ford v. Temple Hospital*, 790 F.2d 342, 347 (3d Cir.1986), a finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing attorney's fees under this provision. Bad faith is a factual determination reviewable under the clearly erroneous standard.

Once a finding of bad faith has been made, the appropriateness of sanctions is a matter entrusted to the discretion of the district court.

■ In *Baker Indus., Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir.1985), this Court referred approvingly to *Colucci v. New York Times Co.*, 533 F.Supp. 1011, 1014 (S.D.N.Y.1982), where Judge Weinfeld advised restraint in imposing sanctions "lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of [the] client. To justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation. The section is directed against attorneys who willfully abuse judicial processes." *See also Jones v. Pittsburgh National Bank*, 899 F.2d 1350, 1357 (3d Cir. 1990); *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191–93 (3d Cir.1989); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir.1987) (unlike Rule 11, section 1927 requires a finding of bad faith).

In the case at hand, the district court found bad faith in plaintiff's counsel's failure to withdraw the suit after defense counsel's warning and citation to *Cote*. We do not wish to discourage lawyers from advising opposing counsel of an intention to request sanctions based on specified conduct accompanied by citation to appropriate legal authority. In many instances, such civil, cautionary advice is ethical conduct that may obviate the necessity of further proceedings to terminate meritless litigation.

In this case, however, the opinion cited by defense counsel does not support the imposition of sanctions under section 1927. Several significant features distinguish *Cote*. First, the award of attorney's fees in that case was apparently not based on section 1927, but on Title VII which allows recovery by a prevailing defendant from a plaintiff when the claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment*

*Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978).

The critical difference between sanctions under section 1927 and those imposed under Title VII, is that the former requires bad faith and the latter does not. Second, in *Cote* the expiration of the statute of limitations was an unchallengeable defense and plaintiff there did not even attempt to argue otherwise. That was not the case here.

A reading of the plaintiff's deposition reveals that after being told by DiLascio that the union would not file for arbitration, plaintiff insisted upon a letter from the union. As he noted in his deposition, he wanted documentation apparently in connection with a complaint he proposed to file with the NLRB. Before receiving the letter of June 7, 1989, plaintiff also asked to see the union president, perhaps to verify DiLascio's authority to terminate the grievance.

We agree with the district court's conclusion that DiLascio's oral statements on the union's position were adequate as a matter of law to begin the running of the limitations period. There is no need for a writing by the union to define its stance. That does not mean, however, that in the circumstances here plaintiff did not have an arguable, albeit very weak, position in relying on the letter as the definitive action on the part of the union that set the clock in motion.

Fairness to the district judge requires that we acknowledge that although this argument was implicit in the deposition testimony, it was not clearly or forcefully explicated by plaintiff's counsel. Nevertheless, neither lack of advocacy skills nor the submission of a weak argument to the court for resolution is equivalent to bad faith.

Plaintiff did place reliance upon his contention that he was confused during the deposition about the date the union notified him and, therefore, an arguable issue was present. As noted earlier, the district court properly rejected that position. We cannot say, however, that the plaintiff's contention was completely frivolous.

Although inadequate to defeat the motion for summary judgment, the plaintiff's arguments were not so lacking in merit that opposition to the summary judgment motion could be considered harassment. Nor can we overlook counsel's uncontested affidavit that rather than forcing plaintiff to proceed pro se, she believed it her ethical obligation to present his position to the court. That conduct by an attorney in the circumstances here did not breach, but rather was consistent with the duties of professional responsibility in assisting the court to resolve the litigation. The Model Rules of Professional Conduct prohibit an attorney from bringing claims that have no foundation. "A claim is colorable, for purpose of the bad faith exception when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *See* American Bar Association, *Annotated Model Rules of Professional Conduct*, Rule 3.1, at 201 (1984); *cf.* American Bar Association Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, § 3.2(f), at 80–81 (Approved Draft 1970) ("While ethical considerations militate strongly against lawyer's advancing weak or frivolous contentions that would not otherwise be presented, a rather different situation arises if those questions will face the court in any event.... [T]he court's processes will be aided, not impeded, if a trained legal mind has been applied to the statement of the issues.").

As we observed in *Baker Indus., Inc. v. Cerberus*, 764 F.2d at 208, bad faith is a necessary predicate for a violation of section 1927 in order to "avoid chilling an attorney's legitimate ethical obligation to represent his client zealously." A review of the record with that consideration in mind, persuades us that the finding of bad faith in this case was clearly erroneous, and consequently we must reverse the order for sanctions.

In addition, defendants have moved in this court for costs and attorney's fees on the ground that the appeals were frivolous. As is evident from our preceding discus-

244

sion, the defendants' motions lack merit and are therefore denied.

The order of the district court granting summary judgment will be affirmed. The order of the district court awarding attorney's fees to defendants will be reversed. Costs in the appeal at No. 90–5916 will be divided equally among the three parties. Costs taxed against appellees in No. 91–5190.