

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2006

# Silver v. Amer Inst CPA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4252

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Silver v. Amer Inst CPA" (2006). *2006 Decisions.* Paper 129.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/129

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4252

DENNIS SILVER,
                                    Appellant

v.

AMERICAN INSTITUTE OF
CERTIFIED PUBLIC ACCOUNTANTS

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 01-cv-4910
(Honorable John W. Bissell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 28, 2006

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed:  December 6, 2006)

OPINION OF THE COURT

PER CURIAM.

        Dennis Silver filed his complaint, pro se, against his former employer, American

Institute of Certified Public Accountants ("AICPA").  AICPA terminated Silver in 2000

after he worked at AICPA for approximately nine years.  Silver claims that his

termination was the result of discrimination, principally by his immediate supervisor, Kim Mangal. Specifically, Silver asserts that his termination was the result of racial and sex discrimination as well as in retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Additionally, Silver claims that his termination was the result of unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

The District Court granted summary judgment in favor of AICPA. Ultimately, the District Court concluded that Silver failed to present sufficient evidence to create a material issue of fact that AICPA's legitimate non-discriminatory reason was pretextual. With respect to Silver's retaliation claim, the District Court found that Silver did not demonstrate a causal connection to establish his prima facie case, nor did he show that AICPA's legitimate non-discriminatory reason for his termination was pretexual.

We review the grant of summary judgment de novo. See McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. KMart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Fed. R. Civ. P. 56(c).

Claims of discrimination under Title VII and the ADEA are analyzed under the same burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See McKenna v. Pacific Rail Serv., 32 F.3d 820, 826 n.3 (3d

2

Cir. 1994). Specifically, once a plaintiff produces sufficient evidence to establish the prima facie case, the burden shifts to the employer to come forward with a legitimate non-discriminatory reason for the adverse employment decision. See Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000). If the defendant satisfies this burden, the plaintiff must show that the legitimate reasons offered by the defendant are pretext. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999)(citing Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)). In order to show pretext, a plaintiff must submit evidence which: (1) casts doubt on the legitimate reason proffered by the employer such that a factfinder could reasonably conclude that the reason was a fabrication; or (2) allow the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the employee's termination. See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). "The non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." Id. (internal quotation marks and citations omitted).

Assuming, arguendo, that Silver established his prima facie case, AICPA came forward with a legitimate non-discriminatory reason for terminating Silver from employment. Specifically, AICPA stated that it fired Silver for his poor work performance.

3

Silver fails to establish a material issue of fact that AICPA's legitimate non-discriminatory reason was pretextual. Silver's performance reviews indicate problems with his performance as far back as 1992. Indeed, different supervisors noted Silver's work performance problems even before Mangal became Silver's supervisor in the late 1990's. In opposing the motion for summary judgment, Silver asserted that his job performance was "very good." However, the fact that Silver disagreed with AICPA's evaluation does not show pretext. See Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir. 1991)("The fact that an employee disagrees with an employer's evaluation of him does not prove pretext."), overruled on other grounds by Saint Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

In attempting to show pretext, Silver also noted a few remarks by Mangal that he alleges were hostile towards his race and age. Specifically, Silver alleges that in 1998, Mangal referred to Silver as an "old asshole" when speaking to a co-worker. Also, Silver alleges that Mangal stated in 1999 that, "when black woman [sic] get fat, their husband [sic] stay with them, but white men leaves [sic] their women."[1] We note that stray remarks by decisionmakers, unrelated to the decision-making process, are rarely given

---

[1] In his affidavit and appellate brief, Silver alludes to a third comment by Mangal. However, this evidence appears to contradict Silver's deposition testimony. A non-movant may not create a material issue of fact by submitting an affidavit that contradicts his deposition testimony without offering a satisfactory explanation for the apparent inconsistency. See Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991). Unlike Mangal's purported statement referring to Silver as an "old asshole," Silver provides no explanation why his subsequent affidavit contradicts his earlier deposition testimony with respect to evidence of Mangal's discrimination.

4

weight, particularly if they are made temporally remote from the date of the decision.  See

Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir 1992).

Additionally, we note that other evidence of age, sex or racial discrimination is lacking in

this case.  See id.  Thus, we find that these alleged remarks by Mangal fail to create a

material issue of fact with respect to Silver's burden to show that AICPA's legitimate

non-discriminatory reason was pretextual.  Therefore, the District Court properly granted

summary judgment in favor of AICPA on Silver's discrimination claims.

As previously noted, Silver also asserted a retaliation claim.  "To establish a prima

facie case of retaliation, a plaintiff must show that:  (1) he engaged in a protected activity;

(2) the employer took an adverse employment action against him; and (3) there is a causal

connection between his participation in the protected activity and the adverse

employment action."  See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir.

2006)(citation omitted); see also Fasold v. Justice, 409 F.3d 178, 188 (3d Cir.

2005)(setting forth elements to establish the prima facie case under the ADEA).  If an

employee establishes the prima facie case, the McDonnell Douglas burden-shifting

framework applies.

Assuming, arguendo, that Silver has established his prima facie case, Silver has

not shown that there is a material issue of fact that AICPA's reason for firing him (his

poor work performance) was pretextual.  Thus, the District Court properly granted

summary judgment in favor of AICPA on this claim.

5

In his appellate brief, Silver asserts that he is also appealing from three additional orders: (1) a Magistrate Judge's order entered February 13, 2003 denying Silver's motion for sanctions and/or default; (2) a Magistrate Judge's order entered September 30, 2003 denying Silver's motion for sanctions and for the appointment of pro bono counsel; and (3) this Court's order entered April 17, 2006 denying the appointment of pro bono counsel.

First, Silver's motion for the appointment of counsel filed in this Court was properly denied. As detailed in that order and set forth in this opinion, Silver's claims lacked arguable merit because he failed to show that AICPA's legitimate non-discriminatory reason for his termination was pretextual and unworthy of credence. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

With respect to the two Magistrate Judge's orders, AICPA asserts that this Court lacks jurisdiction pursuant to Federal Rule of Appellate Procedure 3(c). Federal Rule of Appellate Procedure 3(c) provides that the notice of appeal must designate the judgment, order or part thereof appealed from. "If a party does not satisfy the requirements of Federal Rule of Appellate Procedure 3(c), then the appellate court does not acquire jurisdiction over the undesignated issues." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1092 (3d Cir. 1995). Notices of appeal are liberally construed. See id. Furthermore, because only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings. See id. We find that Rule 3(c) does not preclude our jurisdiction over these orders.

6

The District Court assigned this case to a Magistrate Judge for discovery and other non-dispositive matters pursuant to 28 U.S.C. § 636. Silver failed to file an appeal to the District Court pursuant to 28 U.S.C. § 636(b)(1)(A) with respect to the September 30, 2003 Magistrate Judge's order. As a general rule, we do not consider on appeal issues that were not raised before the District Court in the absence of exceptional circumstances. See Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998). Silver does not state any exceptional circumstances with respect to this order. Thus, we will not review this order.

Finally, Silver appeals from the Magistrate Judge's February 13, 2003 order denying his motion for default and sanctions. In the motion, Silver sought an entry of default and sanctions against the Defendant for its purported failure to appear at case conferences. The Magistrate Judge denied the motion and Silver appealed to this Court. On July 30, 2003, this Court ruled that it lacked jurisdiction to consider the appeal. However, we remanded the matter back to the District Court after construing Silver's notice of appeal as an appeal to the District Court pursuant to 28 U.S.C. § 626(b)(1)(A). See Silver v. Am. Inst. of Certified Pub. Accounts, C.A. No. 03-1381.

In opposing AICPA's motion for summary judgment, Silver argued in part that the motion should be denied due AICPA's failure to appear at case conferences. Thus, by granting summary judgment in favor of AICPA, the District Court implicitly affirmed the Magistrate Judge's February 13, 2003 order by rejecting Silver's argument in opposition to the motion for summary judgment. Cf. In re Montgomery County, 215 F.3d 367, 374

7

(3d Cir. 2000)(stating that this Court has appellate jurisdiction to review the implied denial of an immunity claim). Thus, we have jurisdiction over this order. Having determined that we have jurisdiction, we will affirm as AICPA states that it was unaware of these case conferences because it did not receive notice.[2]

In conclusion, we will affirm the grant of summary judgment in favor of the Defendant.

---

[2] We review the denial of a motion for sanctions for abuse of discretion. See Luzadder v. Depatch Oven Co., 834 F.2d 355, 360 (3d Cir. 1987).