NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1105
_____

IN RE:  DAVID LEROY BEERS,
                                    Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-09-cv-01666)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2010

Before:  McKEE, Chief Judge, SLOVITER and RENDELL, Circuit Judges.

(Opinion Filed: October 29, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

David Leroy Beers appeals from the order of the District Court, which affirmed

the Bankruptcy Court's denial of the Appellant's motion for sanctions against Appellees,

Joel Ackerman and Zucker Goldberg & Ackerman, LLC., in pursuing a claim against

Beers' estate during bankruptcy proceedings , under 28 U.S.C. § 1927.  The District

Court upheld the Bankruptcy Court's determination that Appellees' conduct did not rise

to the level required to justify sanctions, concluding that the standard for a fee-shifting sanction requires a finding of bad faith and that the Bankruptcy Court did not err in its ruling. We conduct a plenary review "in determining whether the District Court erred in its disposition of [the] appeal from the Bankruptcy Court". *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 (3d Cir. 2008).

Beers contends that the District Court erred in concluding that the legal standard for 28 U.S.C. § 1927 sanctions includes a required element of bad faith. We find no such error. Both the District Court and the Bankruptcy Court thoroughly reviewed the applicable law and reasoned appropriately that there is an element of bad faith as part of the controlling standard. It has been well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of four elements for the imposition of sanctions: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Connecticut Holding Group*, 287 F.3d 279, 288 (3d Cir. 2002). *See Also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 180 (3d Cir.2002); *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991); *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3rd Cir.1989); *Baker Industr. Inc. V. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985). The Bankruptcy Court and the District Court correctly applied this standard when denying Beers' motion for sanctions pursuant to 28 U.S.C. 1927.

Accordingly, we will AFFIRM the order of the District Court.