**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4254
_____

THOM LEWIS

v.

JESSE SMITH; MARY BENDER; RICK BURD;
JOHN BREINER; DAN FLAHERTY; FRANK STERNER;
JOHN DOE

*Don A. Bailey, Appellant

*(Pursuant to FRAP 12(a))
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 4-07-cv-02011
District Judge: The Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 15, 2012

Before: SMITH, FISHER, and GARTH, *Circuit Judges*

(Filed: May 15, 2012)
_____

OPINION
_____

1

SMITH, *Circuit Judge.*

Appellant Don Bailey, attorney for Plaintiff Thom Lewis, seeks review of the District Court's imposition of sanctions under 28 U.S.C. § 1927 — sanctions the District Court assessed because it concluded that Bailey had filed this suit in bad faith. We will affirm.[1]

On March 19, 2007, Bailey, acting on behalf of Mr. Lewis, filed an initial action in the Middle District of Pennsylvania. *See Lewis v. Smith*, No. 07-cv-512 (M.D. Pa.) (Muir, J.) (*Lewis I*). *Lewis I* alleged civil rights violations stemming from supposed illegal actions by Defendants Flaherty, Sterner, and others, relating to Mr. Lewis' kennel license. The late Judge Malcolm Muir resolved *Lewis I* in four parts, granting three motions to dismiss and a motion for summary judgment. None of these decisions was appealed. Instead, on November 2, 2007, between Judge Muir's granting of the third motion to dismiss (filed by Defendants Flaherty and Sterner) and his granting of the motion for summary judgment, Bailey filed the complaint in this case (*Lewis II*). Counsel for Defendants Flaherty and Sterner filed a motion to dismiss on the grounds of *res judicata*. Counsel also warned Bailey by letter that *Lewis II* was so closely related to *Lewis I* that it was barred by

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. We have appellate jurisdiction under 28 U.S.C. § 1291.

*res judicata* and he could be subject to sanctions for filing it. The District Court later held that *Lewis II* was indeed barred by *res judicata*, and we affirmed in a non-precedential opinion. *See Lewis v. Smith*, 361 F. App'x 421 (3d Cir. 2010). Shortly after our mandate issued, Defendants Flaherty and Sterner filed the instant motion for attorneys' fees and costs before the District Court. On the same day, Flaherty and Sterner filed a motion before us seeking attorneys' fees and costs for Lewis' appeal. Acting on the Report and Recommendation of Magistrate Judge Timothy Rice, we granted Defendants' motion in part, awarding them a total of $28,041.71. The day after we granted the fee motion before us, the District Court decided the instant motion, granting Defendants Flaherty and Sterner a further $19,240.19. This appeal followed.

In order to impose sanctions, Section "1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). "Bad faith is a factual determination reviewable under the clearly erroneous standard." *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991). We review the ultimate imposition of sanctions for abuse of discretion. *Prudential*, 278 F.3d at 180.

By filing *Lewis II*, Bailey multiplied proceedings that should have concluded with the resolution of *Lewis I*. If Bailey believed the outcome in *Lewis I* was incorrect, he should have asked for reconsideration or filed an appeal in this Court upon conclusion of the action. Bailey's actions in filing an entirely separate case were therefore unreasonable and vexatious. And filing an entirely separate case obviously increases the cost of the proceedings.

That leaves only bad faith. "Indications of . . . bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Prudential*, 278 F.3d at 188 (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)). Bad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf. But numerous facts support the District Court's finding of bad faith: (1) The motion to dismiss and contemporaneous letter put Bailey on notice that his case was potentially meritless. (2) The District Court's conclusion and our conclusion that *Lewis II* was barred by *res judicata* weigh in favor of the case being objectively meritless. (3) Our decision to grant attorneys' fees because of Bailey's frivolous appeal suggests Bailey's arguments against *res*

4

*judicata* were objectively meritless.[2]  (4) Bailey's unusual tactic of filing a substantially-identical second action while the first was still pending suggests he was "judge shopping," a conclusion reinforced by his testimony before Magistrate Judge Rice.  (A395 ("I felt Judge Muir was not going to do me right."))  This is a manifestly "improper purpose."  (5) Finally, Bailey's prior sanctionable conduct suggests a pattern of vexatious litigation.  *See, e.g., Beam v. Downey*, 151 F. App'x 142 (3d Cir. 2005); *Beam v. Bauer*, 383 F.3d 106 (3d Cir. 2004).  Given these facts, the District Court's finding of bad faith was not clearly erroneous, and its imposition of sanctions was not an abuse of discretion.

Bailey raises numerous challenges to the sanctions granted against him. First, Bailey argues that the motion for sanctions, filed well after the District Court's decision on the merits, violates the supervisory rule announced by this Court in *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90 (3d Cir. 1988).  The *Pensiero* rule requires "that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment." *Id.* at 100.  But we have explicitly refused to extend the *Pensiero* rule to sanctions under Section 1927. *In*

---

[2] Bad faith must be considered as of the time Bailey took the complained-of actions.  But *res judicata* is not a novel defense.  Subsequent decisions on the merits and on appellate sanctions are referenced to demonstrate that the law is clear and  Bailey knew or should have known of its applicability when he filed this action.

5

*re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 102 (3d Cir. 2008).  In *Schaefer*, we agreed with the Tenth Circuit that Section "1927 sanctions are not untimely if sought or imposed after final judgment," *id.* at 101 (quoting *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006)), so long as a motion for sanctions is filed "within a reasonable time."  *Id.* at 102.  To the extent Bailey argues that the motion was untimely on some other basis, we note that counsel filed their fee motion within thirty days of our ruling on the appeal, pursuant to an order issued by the District Court.[3]  In light of these facts, we decline to reject counsel's fee motion as untimely.

Second, Bailey initially argued that the Supreme Court's decision in *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), excluded attorneys' fees from the scope of sanctions under 28 U.S.C. § 1927.  Though that was indeed *Piper*'s holding, Congress amended Section 1927 three months after *Piper* issued, expressly to provide for attorneys' fees.  Pub. L. 96-349, 94 Stat. 1154 (Sept. 12, 1980).  While Bailey now concedes his mistake, we simply cannot understand how he could have made the argument in the first place, considering that the current statutory text explicitly names "attorneys' fees" as a potential sanction.  28 U.S.C.

---

[3] By motion filed November 26, 2008, Defendants sought an extension of time to request attorneys' fees.  By order dated December 1, 2008, the District Court granted the motion, instructing Defendants to seek attorneys' fees within thirty days of our ruling.

§ 1927 (2012).

Third, Bailey criticizes the District Court's decision not to hold an evidentiary hearing. We review this decision for abuse of discretion. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 279-80 (3d Cir. 1999). While the Supreme Court has noted that "attorney's fees . . . should not be assessed lightly or without fair notice and an opportunity for a hearing on the record," *Piper*, 447 U.S. at 767, we have held that this does not require a hearing in every case. *See Angelico*, 184 F.3d at 279. The District Court had the full record before it. Bailey had "fair notice of the charges and an opportunity to respond" in writing. *Id.* at 279-80. We cannot conclude that the District Court abused its discretion in declining to hold an evidentiary hearing. *See id.*

Fourth, Bailey questions the District Court's calculation of fees, offering vague arguments that the fees claimed are duplicative and excessive. "We review an assessment of attorney's fees for abuse of discretion if the court applied the correct legal standard." *Angelico*, 184 F.3d at 273. We have reviewed the billing records and the District Court's rationale for its fee calculation. The District Court conducted a careful and well-reasoned analysis. Where appropriate, the District Court cut billing rates, reduced permitted time for tasks, and removed duplicative items. Given that Bailey has failed to provide specific objections to particular

7

items in the billing records, we cannot conclude that the District Court abused its discretion in performing the fee calculation.

Finally, Bailey accuses counsel for Flaherty and Sterner of fraud, alleging that they misrepresented facts in seeking leave to file a brief out of time before the District Court and in the billing records they submitted. We perceive no fraud in the motion seeking leave, and the District Court was well within its discretion to grant it. Also, while the District Court noted some duplicative and arguably excessive billing by Defendants' counsel, our review of the record does not suggest anything remotely approaching fraud. Different attorneys will take different amounts of time to complete even identical tasks. When assessing sanctions, fees are adjusted to conform to a reasonable baseline. But the mere fact that attorneys take different amounts of time or that an attorney's fee claims are adjusted hardly suggests fraud. And Bailey offers no more specific examples of this supposed fraud.

We note that Bailey's filings in this case spin broad conspiracy theories and make unfounded allegations of fraud and judicial misconduct stretching back to the filing of *Lewis I* and beyond. Such spurious allegations only serve to emphasize the impropriety of this action. The sanctions imposed by the District Court are appropriate. We will affirm.